## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

PHILLIP HERNDON,           )
                           )
            PLAINTIFF,      )
                           )
vs.                       )    CASE NO. 14-CV-743-FHM
                           )
CAROLYN W. COLVIN, Acting  )
Commissioner of the Social Security  )
Administration,             )
                           )
            DEFENDANT.   )

## OPINION AND ORDER

Plaintiff, PHILLIP HERNDON, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th

---

[1] Plaintiff's application for benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Deborah L. Rose was held June 17, 2014. By decision dated August 8, 2014, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on October 14, 2014. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 31 years old on the alleged date of onset of disability and 33 years old on the date of the ALJ's denial decision. [R. 23-30].   He has a high school education and past work experience includes a gate guard and security officer. [R. 28].  Plaintiff claims to have been unable to work for a closed period of disability from October 15, 2012 through June 1, 2014 due to traumatic brain injury, blackouts, dizzy spells, depression, and anxiety. [R. 215].

## The ALJ's Decision

The ALJ determined that Plaintiff has severe impairments relating to traumatic brain injury, depression, post-traumatic stress disorder, anxiety, and history of blackout spells. Further, the ALJ found that Plaintiff's mild hearing loss in his right ear is "non-severe."   [R. 21].  The ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform

2

work at all exertional levels but must avoid exposure to hazards.  Plaintiff can perform simple and some complex tasks such as those involved in semi-skilled work.  He can have superficial and incidental work-related interaction with co-workers and supervisors, but no public interaction. [R. 23].   Although Plaintiff is unable to perform his past relevant work, the ALJ determined, based upon the testimony of the vocational expert, that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. [R. 29].   Accordingly, the ALJ found Plaintiff was not disabled.  The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled.   *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that the ALJ failed to: 1) address a closed period of disability; and 2) properly consider the medical source opinion of treating physician, Dr. Brian K. Berryman, D.O.

## Analysis

Plaintiff alleges he became disabled on October 15, 2012 through June 2014 because of syncope, blackouts, and vertigo.  Plaintiff argues that the ALJ failed to consider his disabilities during the closed period of time and based her decision on his present physical abilities.  Plaintiff also argues that the ALJ considered his future employment plans which he argues were not relevant to the closed period of time.  [Dkt. 13, p. 3].

The ALJ accurately outlined the medical evidence noting that Plaintiff did not receive treatment until June 10, 2013. [R. 25].  Based on her review of the medical record, the ALJ

found that Plaintiff was not under a disability as defined by the Act from October 15, 2012, through the date of her decision, August 8, 2014. [R. 23-24, 30]. Although Plaintiff asserts the ALJ did not consider a closed period from October 15, 2012 to June 1, 2014, the decision demonstrates the ALJ considered the evidence throughout that time frame.  The finding that Plaintiff was not disabled from October 15, 2012 to August 8, 2014 encompassed Plaintiff's proposed closed period.

The ALJ listed Plaintiff's testimony that he is going to be traveling to other countries as a site manager among the several factors considered in arriving at the conclusion that Plaintiff has a moderate restriction in activities of daily living,  moderate difficulties in social functioning and in regard to concentration, persistence, or pace. [R. 22].  The ALJ also recounted the statement recorded in the mental health clinic medical record dated March 7, 2014, that he missed appointments due to being "very busy" and it would be difficult to keep appointments because he is going to travel. [R. 26, 487].  The court finds no error in the ALJ's consideration of Plaintiff's testimony and statement to his doctor as the travel plans were merely listed as one of a number of factors related to the ALJ's analysis of the severity of Plaintiff's allegations of mental impairment and Plaintiff's credibility.

Treating Physician's Opinion

Dr. Berryman is one of the physicians who treated Plaintiff for complaints of blackouts and dizzy spells.  On September 10, 2013, Dr. Berryman wrote a letter addressed, "To whom it may concern," opining that, due to his medical condition, Plaintiff is unable to work and he recommended no operation of motorized vehicles, no firearms, no power tools, no lifting or exertional activities, or unattended activities until released by a physician.  [R. 247-48].  The ALJ stated she did not give great weight to Dr. Berryman's

4

opinion because it is inconsistent with the record evidence, and is not well supported by medically acceptable clinical and laboratory techniques.  [R. 28].

A treating physician's opinion is accorded controlling weight if it is well-supported by medically acceptable clinical or laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record.  *Knight ex rel. P.K. v. Colvin,* 756 F.3d 1171, 1176 (10th Cir. 2014)(internal quotation marks omitted).  However, if the opinion is deficient in either of these respects, it is not given controlling weight.  When an ALJ decides to disregard a medical report by a claimant's physician, specific, legitimate reasons must be set forth.

The ALJ noted that Dr. Berryman stated Plaintiff was under medical care for recurrent loss of consciousness episodes. [R. 27, 247].  However, a review of Dr. Berryman's records showed Plaintiff had several "blackout" episodes following his July 2013 release from the hospital.  The ALJ noted, however, that the blackout episodes were not ongoing as Plaintiff testified that he has not had any blackouts since July 2013, and he was driving in August 2013.  The ALJ found that this information suggests Plaintiff's symptoms were not as severe as he reported to Dr. Berryman.  The ALJ noted Plaintiff's normal EEG, MRI, Holter monitor, and tilt table test and also that evaluation by neurology and cardiology found no clear etiology.  *Id.*  The court finds that the ALJ accurately summarized the record and that she gave specific, legitimate reasons for disregarding Dr. Berryman's opinion.

**Conclusion**

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts.  The court further finds there is substantial evidence in the record to support the ALJ's decision.  Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 26th day of February, 2016.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE